IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff/Respondent,<br><br>　　　v.<br><br>SKY GARY TRAMMELL,<br><br>　　　Defendant/Movant.<br>_____ | CR 04-50178 PHX SRB<br>CV 12-00576 PHX SRB MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE SUSAN R. BOLTON:**

On March 19, 2012, Mr. Sky Trammell ("Movant"), filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On April 30, 2012, Respondent filed a Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") (Doc. 4). Respondent contends the section 2255 petition must be dismissed because it is an unauthorized second petition and because it was not timely filed.

**I Procedural History**

On October 18, 2001, in the United States District Court for the District of Oregon, Movant pled guilty to one count of tax evasion, alleged to have occurred in 1994, and one count of mail fraud, alleged to have occurred in 1999. See

Docket No. 2:04 cr 50178 at Doc. 1.  On May 20, 2002, Movant was sentenced to a term of imprisonment and ordered to pay restitution.  Movant was also ordered to serve a term of 36 months supervised release upon his release from incarceration in 2004.  See id.  On December 15, 2004, Movant's supervision was transferred from Oregon to the District of Arizona.  Movant's supervised release was to terminate in May of 2007.  Id.

On May 7, 2007, the government filed a petition seeking to revoke Movant's supervised release.  Id. at Doc. 3.  The government alleged, *inter alia*, that Movant falsely informed his probation officer that he had filed tax returns for the years 1995, 1997, 2000, 2001, and 2002.  Id.  The government also alleged Movant had failed to timely file a tax return for the tax year 2005 and that Movant had failed to cooperated with the Internal Revenue Service for the tax years 1993, 1994, 1995, 1996, 1997, 1998, 1999, and 2000.  Id.

At a hearing conducted September 5, 2007, Movant admitted to violating three allegations as charged in the Petition to Revoke filed May 7, 2007.[1]  Id., Doc. 26.  The Court

---

[1] On May 4, 2007, a Petition to Revoke Supervised Release was issued alleging eight different violations. [ ] Movant later admitted violating Standard Condition #4 - "You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer" - by providing copies of income tax returns to the probation officer and falsely claiming that he filed tax returns for the years 1996, 1997, 2000, 2001 and 2002; violating Special Condition #8 by failing to file a tax return by April 15, 2005; and violating Special Condition #9, by refusing to cooperate with the

found that there was a factual basis for the Movant's admissions and accepted his admissions. The Court then sentenced Movant to a term of four months imprisonment to be followed by 32 months of supervised release. Id., Doc. 27.

Movant did not take a direct appeal of his sentence for violation of the terms of his probation and the sentence imposed by the Court. Movant did not surrender to serve his term of four months imprisonment. On November 27, 2007, a bench warrant was issued for Movant's arrest for failure to surrender. Id., Doc. 35 & Doc. 38. Movant was arrested pursuant to this warrant on May 29, 2008. Id., Doc. 46.

On January 6, 2009, in United States District Court for the District of Arizona docket number 2:09 cr 0026, Movant was indicted on a single count of failing to surrender. On September 21, 2009, Movant entered into a plea agreement regarding this charge. See 2:09 cr 0026, Doc. 35. Movant was ordered to serve a term of twelve months imprisonment followed by three years of supervised release pursuant to this conviction. Id., Doc. 34.

Movant filed a section 2255 motion on May 20, 2009, and he filed a slightly amended motion on May 21, 2009. See

---

IRS by failing to pay taxes, interests and penalties in the amount of $2,697,274.70. [] He did not appeal. However, he failed to surrender for service of this four-month sentence and was later convicted for the additional crime of Failure to Surrender for Service of Sentence in CR-09-026- PHX-SRB. On September 21, 2009, he was sentenced to 12 months and a day of imprisonment with 36 months of supervised release to follow. (CR 09-00026-PHX-SRB)

2:09 cv 01085, Doc. 1 & Doc. 3. In these section 2255 motions, Movant asserted he was entitled to relief because his conviction was "obtained by a violation of the protection against double jeopardy" and because his conviction was "obtained by use of evidence obtained pursuant to an unlawful, illegal, unethical, immoral, unproved alleged crime". Movant also maintained his conviction was unconstitutional because of "False Jurisdiction" and a "Lack of Subject Matter Jurisdiction". The Court denied relief and dismissed the action on January 26, 2010. Id., Doc. 12.

On June 17, 2011, a second petition to revoke Movant's supervised release was issued, alleging that Movant traveled to California without permission and that he failed to report police contact related to an allegation that he was in possession of credit cards belonging to a third party. See 2:09 cr 0026, Doc. 62. Movant admitted violating his supervised release by failing to report his contact with police officers while in California. On October 5, 2011, his supervised release was revoked in both cause numbers, i.e., the 2004 and 2009 criminal cases, and he was sentenced to 10 months of imprisonment on each case to run consecutively to one another. Id., Doc. 78.

In the pending section 2255 motion Movant asserts he is a victim of prosecutorial misconduct because he was prosecuted for not filing tax returns. Movant contends he was notified by the IRS in 2009 that he had indeed filed returns for the years in question. However, in Movant's traverse he admits he did not

-4-

file returns and says he has been sufficiently punished for his mistakes. Movant asserts he was given permission to relocate to California. Movant alleges the government erred in allowing his supervised release in Arizona when he had economic and family ties in California.

**II  Analysis**

Section 2255 provides, inter alia:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from...the date on which the judgment of conviction becomes final.... [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...

28 U.S.C. § 2255 (2006 & Supp. 2011).

The section 2255 motion is timely only insofar as it seek relief from the 2011 revocation of supervised release. Movant has not alleged a basis for relief from this decision.

Movant previously challenged his 2009 conviction via a section 2255 action. The pending motion is, therefore, a second or successive motion, which requires Movant to seek certification from the appropriate Circuit Court of Appeals. See id. § 2255(h). Because Movant has not done so, the Court is without jurisdiction to consider the second motion. See United States v. Washington, 653 F.3d 1057, 1065 (9th Cir. 2011).

**III Conclusion**

Movant's section 2255 action does not state a claim for relief from the 2011 revocation of supervised release, the only Court action from which a section 2255 action may be timely

-5-

considered. Additionally, to the extent Movant challenges the Court's 2009 conviction, because Movant previously adjudicated a section 2255 action regarding this conviction, the Court is without jurisdiction to consider the merits of Movant's claims.

**IT IS THEREFORE RECOMMENDED** that Mr. Trammell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc),

1  cert. denied, 124 S. Ct. 238 (2003).

2         Failure to timely file objections to any factual or
3  legal determinations of the Magistrate Judge will constitute a
4  waiver of a party's right to appellate review of the findings of
5  fact and conclusions of law in an order or judgment entered
6  pursuant to the recommendation of the Magistrate Judge.

7         DATED this 31st day of May, 2012.

_____
Mark E. Aspey
United States Magistrate Judge

-7-